UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

IN RE KENNETH M. MITAN,

        Debtor,

Civil Action No. 06-15116
Bankruptcy No. 03-71601

KENNETH MITAN,

Hon. Bernard A. Friedman

        Appellant,

v.

LEONARD A. DUVAL, et al.,
        Appellee.
_____/

## OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S SEPTEMBER 29, 2005 ORDER GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT

    **I.**    **Introduction**

This is an appeal from a September 29, 2005 Bankruptcy Court Opinion granting summary judgment in favor of Appellee Leonard A. Duval ("Duval"). The Bankruptcy Court's Opinion granted summary judgment in favor of Duval, and held that the Northern District of Ohio's default judgment against Debtor/Appellant Kenneth M. Mitan ("Mitan") in the amount of $3,653,627.79 plus interest is non-dischargable pursuant to Section 523(a)(2) and (6) of the Bankruptcy Code.

    **II.**    **Standard of Review**

The District Court reviews the Bankruptcy Court's findings of fact for clear error, and its conclusions of law *de novo*. Fed. R. Bankr. Proc. 8013.

    **III.**    **Facts**

Duval originally filed suit in the Northern District of Ohio against Mitan and three Michigan companies he owned and controlled, alleging fraud, racketeering and other acts. Mitan filed an answer, but then failed to cooperate with discovery, delaying the case for over two years. As a sanction for Mitan's delay of the proceedings, the United States District Court for the Northern District of Ohio entered a default judgment against Mitan in the amount of $4,654,627.79 plus interest, which was based upon the federal RICO statute's allowance of treble damages. Mitan did not file a motion for reconsideration of the default judgment, and did not appeal.

After much moving around to various districts, including Indiana and California, Mitan's bankruptcy petition made its way to the Eastern District of Michigan. Duval then filed an adversary proceeding, asserting that Mitan's debt to him is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and (6), based on collateral grounded in the default judgment issued in the Northern District of Ohio.

**IV.     Analysis**

Mitan's argument attacks the propriety of the application of collateral estoppel by the Bankruptcy Court. Collateral estoppel, or issue preclusion, bars the relitigation of an issue previously decided in judicial proceedings if the party against whom the prior decision is asserted had a "full and fair opportunity" to litigate that issue in the earlier case. Allen v. McCury, 449 U.S. 90, 95 (1980). The doctrine precludes relitigation of issues of fact decided in a prior action between the same parties "even if decided as part of a different claim or cause of action." Markowitz v. Campbell (In re Markowitz), 190 F.3d 455, 461 (6th Cir. 1999).

Mitan argues, essentially, that the Bankruptcy Court erroneously used collateral estoppel to grant summary judgment based on a default judgment. Mitan bases this argument on his

contention that the default judgment was made improperly, and proceeds to provide substantial argument about why the default judgment against him was wrong, including lack of notice, poor representation by his attorney, etc. This court does not have jurisdiction to review a default judgment granted in the Northern District of Ohio. Additionally, it should be noted that Mitan did not file either a motion for reconsideration or an appeal to the Sixth Circuit following the entry of the default judgment. The Court must, for purposes of this matter, assume that the default judgment was properly granted, and take the Opinion issued in the granting of that judgment at face value.

Mitan next argues that collateral estoppel does not apply to a default judgment. This is only partly true. Collateral estoppel may apply to a default judgment if the party against whom it is asserted participated in the litigation, and was afforded a reasonable opportunity to defend himself on the merits of the case, and has appeared and defended himself. See, e.g., Rally Hill Productions, Inc. v. Bursack, 65 F.3d 51, 54 (6th Cir. 1995)("actually litigated" requirement met where Defendant appears and defends, but fails to appear for trial); Car Color & Supply, Inc. v. Raffel, 283 B.R. 746 (8th Cir. 2002)(affirming bankruptcy court's decision not to examine the validity of state court default judgment where debtor had notice of the lawsuit and a full and fair opportunity to litigate issue of his liability); NBA Properties v. Moir, 291 B.R. 887 (S.D.Ga. 2003)(default judgment has preclusive effect if losing party had a fair opportunity to contest the issue).

In addition, in assessing "actual litigation," Mitan's dilatory tactics in the Ohio District Court proceedings should be taken into consideration. Where, as here, a party had an opportunity to defend himself on the merits, but chose not to, and instead employed dilatory tactics, the "actual litigation" requirement is satisfied for dischargeability purposes. McCard v.

Jordana, 232 B.R. 469 (10th Cir. 1999)(collateral estoppel barred debtor from relitigating issue of fraud where debtor defaulted after appearing and pursuing a two year course of delay in underlying litigation; Wolstein v. Docterofff, 133 F.3d 210 (3d Cir. 1997)(affirming use of collateral estoppel in bankruptcy discharge proceeding where default entered because debtor willfully obstructed discovery); In re Wilson, 72 B.R. 956, 959(M.D.Fla. 1987)(Debtor was "given the full opportunity to defend himself in the [prior] action and he chose not to do so. . . It would be undeserved to give debtor/defendant a second bite at the apple when he knowingly chose not to defend himself in the first instance.").

Accordingly, the Bankruptcy Court was proper in applying collateral estoppel based on the default judgment of the Northern District of Ohio.

The Bankruptcy Court then applied the Northern District of Ohio's default judgment to Section 523(a)(2) of the Bankruptcy Code to make its ruling that the Northern District of Ohio's judgment is nondischargeable. Section 523(a)(6) provides:

> (a) A discharge under Section 727, 1141, 1228(a), 1228(b) of this title does not discharge an individual debtor from any debt-
> ***
> (2) For money. . . to the extent obtained by–
> (A) False pretenses, a false representation, or actual fraud. . .

11 U.S.C. § 523(a)(2).

Duval's complaint in the Northern District of Ohio contained common law fraud, conversion and federal RICO claims. The Bankruptcy Court found that a fraud determination was necessary to the outcome of the underlying litigation in the Ohio District Court. It made a finding of fraud, and assessed treble damages pursuant to the federal RICO statute, stating:

> In their complaint in the Northern District of Ohio, Duval and Rode asserted that Mitan "engaged in numerous, separate acts of fraud and willful misrepresentation in a scheme to defraud Plaintiffs." . . . The issue of whether Mitan obtained money or property from Duval and Rode by "fraud and willful

misrepresentation" was actually litigated and the district court's finding in the plaintiffs' favor on that issue was necessary to the final judgment.

September 25, 2005 Order, pp. 3-4.

As found by the Northern District of Ohio, and adopted by the Bankruptcy Court, Mitan's actions were done fraudulently. Accordingly, the Bankruptcy Court's ruling should be upheld.

**V.    Order**

Accordingly,

IT IS ORDERED that the Bankruptcy Court's September 29, 2005 Order granting Appellee's motion for summary judgment is AFFIRMED.


_____s/Bernard A. Friedman_____
Date:   May 10, 2007        BERNARD A. FRIEDMAN
                            CHIEF UNITED STATES DISTRICT JUDGE


**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**

**        /s/ Patricia Foster Hommel
         Patricia Foster Hommel
     Secretary to Chief Judge Friedman**